# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**JASON E. MADOW,**

        **Petitioner,**　　　　　　　　　　**Case No.  6:07-cv-784-Orl-22DAB**
　　　　　　　　　　　　　　　　　　　　　　　　**(6:06-cr-22-Orl-22DAB)**
**-vs-**

**UNITED STATES OF AMERICA,**

        **Respondent.**

_____

## ORDER

This case involves a motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Doc. 1), an amended motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Doc. 7).  The Government filed responses to both the original (Doc. 5) and the amended (Doc. 9) motions, in compliance with this Court's instructions.  Petitioner thereafter filed a Second (Doc. 11) and Third (Doc. 12) Memorandum in Support of his section 2255 motion, a Letter (Doc. 13) in support of his motion, and a Motion to Request an Evidentiary Hearing (Doc. 14).

Petitioner alleges seven[1] claims for relief in his motion,[2] all premised on his attorney's alleged ineffective assistance of counsel at various stages of the criminal proceeding. Specifically, Petitioner alleges the following: (a) the attorney failed to file for discovery regarding the victims'

---

[1] The first of Petitioner's claims is merely a recitation of the case law pertinent to an ineffective assistance of counsel claim.  As it does not seek to attack any aspect of Petitioner's conviction or sentence, claim one must be denied as meritless.

[2] The amended section 2255 motion (Doc. 9) merely supplements claim four of the original motion, and, as such, does not raise any new claims for the Court to consider.

losses (claim two); (b) counsel failed to challenge inaccurate information in the presentence report (claim three); (c) counsel failed to request a final determination regarding the amount of restitution owed within 90 days after sentencing (claim four); (d) the attorney failed to request an amendment of the plea agreement to reflect that one victim did not suffer any loss (claim five); (e) counsel failed to file a motion for severance prior to sentencing (claim six); and (f) counsel failed to object to statements made by the Government at the sentencing hearing regarding the fraud loss amount contained in the plea agreement (claim seven).

### I. *Procedural History*

Petitioner and one other individual were charged in a one-count information with conspiracy to commit wire fraud. (Criminal Case No. 6:06-cr-22-Orl-22DAB, Doc. 1, filed February 8, 2006).[3] On March 2, 2006, pursuant to a written plea agreement (Criminal Case Doc. 12), Petitioner entered a plea of guilty to the sole count contained in the information. The guilty plea was accepted, Petitioner was adjudicated guilty of conspiracy to commit wire fraud, and was sentenced to a 41 month term of imprisonment (Criminal Case Doc. 47). Thereafter, Petitioner filed a direct appeal, and the Eleventh Circuit dismissed the appeal based on the valid appeal waiver contained in Petitioner's plea agreement. *See* Criminal Case Doc. 65.

### II. *Claims Three, Four, Six and Seven Are Barred By Petitioner's Waiver*

Petitioner entered into a written plea agreement with the Government (Criminal Case Doc. 12). Pursuant to the agreement, Petitioner agreed

> that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to **appeal** [his] sentence or to

---

[3] Criminal Case No. 6:06-cr-22-Orl-22DAB will be referred to as "Criminal Case."

> **challenge it collaterally** on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds [his] applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then [he] is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

*Id*. at 13-14 (emphasis added). During his change of plea hearing, Petitioner specifically acknowledged that he had discussed this waiver with his counsel. In addition, upon direct inquiry by the Court, Petitioner acknowledged he was giving up his "right to appeal or contest [his] sentence directly or collaterally on any ground except [to] challenge a sentence as specifically provided in [the plea agreement]." (Criminal Case Doc. 56 at 13.)

In *Williams v. United States*, 396 F.3d 1340 (11th Cir. 2005), the Eleventh Circuit Court of Appeals determined that a valid sentence-appeal waiver, entered into voluntarily and knowingly pursuant to a plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing. *Id*. at 1342. However, the *Williams* court left unanswered the question of whether ineffective assistance of counsel claims concerning the validity of the waiver or the plea would survive such a waiver. *Id.* at 1342 n.2. Courts outside of the Eleventh Circuit have held that "an ineffective assistance of counsel argument survives a waiver of appeal only when the claimed assistance directly affected the validity of that waiver or the plea itself." *United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002); *see also Davila v. United States*, 258 F.3d 448, 451 (6th Cir. 2001) ("When a defendant knowingly, intelligently, and voluntarily waives the right to collaterally attack his or

her sentence, he or she is precluded from bringing a claim of ineffective assistance of counsel based on 28 U.S.C. § 2255."); *DeRoo v. United States*, 223 F.3d 919, 924 (8th Cir. 2000) ("Dismissal of a section 2255 motion on the basis of a waiver in the plea agreement is inappropriate when the defendant's claims of ineffective assistance relate to the negotiation of, and entry into, the plea agreement and waiver."). Therefore, Petitioner's knowing and voluntary waiver in the plea agreement generally bars him from pursuing collateral relief under § 2255, including any ineffective assistance of counsel claim that does not directly affect the validity of the waiver or the plea itself.

In the instant case, this Court concludes that the plea agreement and waiver were knowing and voluntary. As set forth above, the Court addressed the appeal/collateral waiver during the change of plea hearing. (Criminal Case Doc. 56 at 13.) In reviewing the constitutional adequacy of a guilty plea, the Eleventh Circuit has indicated as follows:

> A reviewing federal court may set aside a state court guilty plea only for failure to satisfy due process: If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea . . . will be upheld on federal review.

*Stano v. Dugger*, 921 F.2d 1125, 1141 (11th Cir.), *cert. denied*, 502 U.S. 835 (1991) (quotation omitted) (citation omitted). As discussed by the Fifth Circuit in *United States v. Gaitan*, 954 F.2d 1005 (5th Cir. 1992):

> The consequences of a guilty plea, with respect to sentencing, mean only that the defendant must know the maximum prison term and fine for the offense charged. As long as [the defendant] understood the length of the time he might possibly receive, he was fully aware of his plea's consequences.

*Id.* at 1012 (quotation omitted) (citations omitted).

The Court in this case conducted a thorough and comprehensive plea colloquy. Petitioner stated under oath that he was not threatened or promised anything in order to get him to plead guilty. (Criminal Case Doc. 56 at 8.) Petitioner acknowledged that he had reviewed the information with his attorney and that he was satisfied with his attorney's services. *Id*. at 7. Petitioner also stated that he understood the nature of the charge against him, the maximum penalties for the charge, and the rights he would waive by entering a plea. *Id*. at 7, 10-12, 16-18. These representations constitute "a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977).

A review of the record reveals that Petitioner also understood the full significance of his waiver of collateral relief. *See United States v. Weaver*, 275 F.3d 1320, 1333 (11th Cir. 2001) ("To establish the waiver's validity, the government must show either that (1) the district court specifically questioned the defendant about the provision during the plea colloquy, or (2) it is manifestly clear from the record that the defendant fully understood the significance of the waiver."); *United States v. Bushert*, 997 F.2d 1343, 1352 (11th Cir. 1993) ("[F]or a sentence appeal waiver to be knowing and voluntary, the district court must have engaged the defendant about the sentence appeal waiver during the Rule 11 hearing."). Furthermore, all of the claims asserted by Petitioner in the instant § 2255 motion, save claims two and five, concern sentencing matters that have no bearing on the validity of the plea or the waiver. Since the plea and the waiver were knowingly, intelligently, and voluntarily entered, the waiver provision in Petitioner's plea agreement precludes this Court from considering claims three, four, six and seven.

### III.   *Claims Two and Five*

To the extent claims two and five purport to attack the validity of Petitioner's plea, the Court notes that these claims are otherwise without merit. In claim two, Petitioner argues that his attorney rendered ineffective assistance by failing to conduct an adequate investigation of his case prior to his entry into the plea agreement. If his attorney had requested appropriate discovery, Petitioner contends, he would have learned that Old Standard Life Insurance Company, one of the victims identified in the plea agreement, did not formally assert a financial loss resulting from Petitioner's crime, and was, therefore, not a proper victim. Consequently, Petitioner maintains, he erroneously plead guilty to facts that would ultimately enhance his sentence.

In claim five, Petitioner argues that once it came to light that Old Standard Life Insurance Company would not file a statement of loss, his attorney should have sought to amend the plea agreement to omit all admissions regarding Old Standard. The attorney's failure to do so, according to Petitioner, allowed the Court to enhance his sentence.

In *Hill v. Lockhart*, 474 U.S. 52 (1985), the United States Supreme Court held that "the two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel." *Id*. at 58. The United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance. The first prong of the *Strickland* test requires that Petitioner demonstrate that counsel's performance was deficient and "fell below an objective standard of reasonableness." *Id*. at 688. The second prong of the *Strickland* test requires Petitioner to show that the deficient performance prejudiced the defense.[4]

---

[4] In order to satisfy the prejudice requirement of the two-prong test set forth in *Strickland*, Petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59 (footnote

-6-

*Id*. at 687.  A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonably professional assistance.  *Id*. at 689-90.

Petitioner apparently maintains that his attorney's deficient performance led him to plead to facts that ultimately subjected him to certain sentence enhancements.  Petitioner's argument assumes that his attorney should have foreseen the application of various enhancements at sentencing.  This argument also assumes that the Government would have agreed to omit the facts regarding Old Standard from the plea agreement upon counsel's request.  The Court cannot say that counsel's performance was deficient simply because he was unable to negotiate a more favorable plea deal, or was otherwise unable to predict the precise effect the plea agreement would have on Petitioner's ultimate sentence.  Indeed, when informed by the Court at the change of plea hearing that his attorney would not likely be able to predict the sentence until he received the presentence report, Petitioner indicated he understood.  *See* Criminal Case Doc. 56 at 12.

Furthermore, Petitioner has not sufficiently alleged prejudice in this instance.  Petitioner makes no showing that, but for the attorney's actions with respect to claims two and five, he would not have pled guilty and would have insisted on going to trial.  Petitioner's allegations of prejudice with regard to the impact of the attorney's performance on his sentence are of no avail because Petitioner waived these arguments in the plea agreement.  In sum, to the extent claims two and five raise cognizable section 2255 claims in this case, they must nevertheless be denied as meritless.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1.      The motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 filed by Jason Madow (Doc. 1) is **DENIED**.

---

omitted).

    2.       The Motion to Request an Evidentiary Hearing (Doc. 14) is **DENIED** as moot.

    3.       This case is **DISMISSED** with prejudice.

    4.       The Clerk of the Court shall enter judgment accordingly and is directed to close this case.  A certified copy of this Order and the judgment shall also be filed in criminal case number 6:06-cr-22-Orl-22DAB.

    5.       The Clerk of the Court is directed to terminate the § 2255 motion (Criminal Case Doc. 66) filed in criminal case number 6:06-cr-22-Orl-22DAB.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on March 12, 2008.

Copies furnished to:

Counsel of Record  
Pro Se Party

ANNE C. CONWAY  
United States District Judge