UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
(ORLANDO FLORIDA)

Madow

-vs-

United States of America

MOTION FOR LEAVE TO CONSOLIDATE PETITIONER'S
MOTION TO AMEND/SUPPLEMENT HIS 59(e) MOTION
FOR ALL INTENTS AND PURPOSES INTO HIS § 2255 MOTION
THROUGHOUT THE INSTANT LITIGATION IN TOTO

(Petitioner)
Jason E. Madow (Pro Se)
Reg. No. 26258-018
Estill Federal Prison Camp
P.O. Box 699
Estill, South Carolina
            29918-0699

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
(ORLANDO DIVISION)

| | |
|---|---|
| Jason E. Madow,<br>    Petitioner, | )<br>)<br>)<br>)<br>) |
| -vs- | ) Case No. 6:07-cv-784-Orl-22DAB<br>) ~~(6:06-cr-22-Orl-22DAB)~~<br>)<br>) |
| United States of America,<br>    Respondent. | )<br>)<br>) |

**MOTION FOR LEAVE TO CONSOLIDATE PETITIONER'S
MOTION TO AMEND/SUPPLEMENT HIS 59(e) MOTION
FOR ALL INTENTS AND PURPOSES INTO HIS § 2255 MOTION
THROUGHOUT THE INSTANT LITIGATION IN TOTO**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW** Jason E. Madow (hereinafter "Petitioner"), appearing **Pro Se** in the above captioned matter, and hereby requesting leave, as referenced ante, to consolidate all previous filed pleadings to amend/supplement his 59(e) motion into the instant litigation, § 2255 on the merits, in **toto**. Thus, to demonstrate that such consolidation is just and will aid this Honorable Court in its next decision making on the merits of Petitioner's § 2255 action, the Petitioner presents the following facts:

Petitioner asserts that the record including all exhibits establishes that Petitioner in this case was rendered ineffective assistance of counseling during this case.

Both prongs (Cause & Prejudice) sets forth in **Strickland -v- Washington**, 466 U.S. 668 (1984) test applies to challenges to

guilty pleas based on ineffective assistance of counsel.

This Honorable Court "ORDER" eluded Petitioner's claims of **whether counsel was ineffective for failing to negotiate a plea agreement that contained actual facts that could be proven, and whether the information in the PSR Addendum should have been challenged or brought to the Court's attention. As (reflected) documented in the Addendum, Petitioner (Madow) was not involved or participated in these loans,** according to the PSR Addendum.

Although, a guilty plea was entered and accepted by the Court in this case. Petitioner objected to some information in the PSR as the record reflects. The Court **"concurred"** with the objections and the PSR Addendum reflects this binding agreement as to the objections, which superseded the plea agreement.

This Honorable Court for whatever strange reason failed to "mention" or even "address" the undisputed facts contained in the "PSR Addendum" which makes it clear that Petitioner, the Court and the attorney for the Government (Karen L. Gable) concluded at the time of sentencing in this case, That Petitioner restitution should be reduced by at least 19 Million Dollars and the term of imprisonment reduced by two levels under the United States Sentencing Guidelines (USSG).

Please be mindful that these findings and admissions were made "after" the plea agreement and adjudication in this case with the Court's approval.

Therefore, all challenges to what was agreed to in the plea agreement has no affect on findings made after the plea was entered. In other words a defendant that enters a plea may object to issues prior to sentencing and the Court may remove the issues

(2)

in the plea agreement.

The United States Supreme Court, in **Strickland -v- Washington**, established a two-part test for determining whether a convicted person is entitled to relief on the ground that counsel rendered ineffective counseling. The first prong of the **Strickland test** requires that Petitioner demonstrate that counsel's performance was deficient "fell below an objective standard of reasonableness".

The second prong of the **Strickland** test requires Petitioner to show that the deficient performance prejudiced the defense. The Supreme Court in **Strickland** concluded that a reviewing Court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonably professional assistance.

Looking through the lens of the PSR Addendum as documented, counsel's performance was certainly deficient and "fell below an objective standard of reasonableness".

With the legal background in mind, Petitioner request that this Honorable Court turn its attention and focus on the PSR Addendum. Attached hereto as **Exhibit No. 1**.

The **PSR ADDENDUM** clearly establish that Petitioner was **not** involved in or participated in the loans for **Grand Resort Hotel** and **Okechobee Road Properties**.

Obviously, the Honorable Anne C. Conway made a mistake in preparing the "ORDER" dated March 13, 2008. During the sentencing the PSR Addendum was adopted by the Court in a fact finding hearing as usual.

A review of the record demonstrates that in this case the Court concluded that Petitioner was not involved or participated in the two loans that have "not" been removed from his sentence. This is improper and illegal.

**Strickland**, also emphasized that judicial scrutiny of counsel's performance must be highly differential. In order to show "prejudice" in this case Petitioner refer to the PSR Addendum for support.

The PSR Addendum reflects the Court, USPO & the A.U.S.A. (Karen L. Gable response dated November 2, 2007) consent (approval) that Petitioner's restitution amount owed to J.P. Morgan and the term of imprisonment must be reduced according to the information in the PSR Addendum.

The increase in the term of imprisonment and the increase in the amount of restitution is prejudice. The Supreme Court in **Glover, -v- United States**, 148 L Ed 2d 604, 121 S Ct 696 (January 9, 2001), held that erroneous sentencing determinations unlawfully increased defendant's (Glover) prison sentence held to establish prejudice for purposes of Sixth Amendment--ineffective-counsel claim.

Therefore, in order to establish ineffective assistance of counsel under **Strickland** the Supreme Court re-evaluated the well-known two prong test in **Glover** and concluded that a defendant can demonstrate either prong "cause or prejudice" an establish ineffective assistance of counsel.

The PSR Addendum demonstrate (discloses) that the results of the proceedings would have been different "if" the information in the PSR Addendum would have been removed from the sentence (restitution included).

Here the Court may consider the sentencing calculation itself which resulted from a ruling that works to Petitioner's advantage. This ruling reveals calculations which resulted from a ruling that was not addressed or brought to the Court's attention by Petitioner's counsel's that provided ineffective counseling by

(4)

by failing to object to the information in the PSR Addendum that reduces Petitioner punishment (term of imprisonment and restitution).

Consequently, the facts are clear that Petitioner sentence (illegal) must be corrected to comply with the facts found by the Court at the time of sentencing in this case. This Honorable Court adopted the information in the PSR and the PSR Addendum prior to sentencing, **SEE Exhibit No. 1**.

What else can be required from a Pro Se litigant. The facts are documented in the PSR Addendum. This Honorable Court's records supports Petitioners claims 100% that Counsel was ineffective for failing to bring these issues to the Court's attention prior to sentencing and up until 90 days after sentencing.

Barry G. Roderman failed to review the PSR Addendum that dictates a huge reduction in the restitution and the term of imprisonment.

Richard L. Rosenbaum had 87 days out of the 90 days to request a final hearing to determine the amount of restitution owed according to the PSR Addendum.

Prior to this Honorable Court's ruling on March 13, 2008. counsel Rosenbaum submitted a letter dated March 11, 2008, **SEE: Exhibit No. 2**. This letter demonstrate that counsel Rosenbaum stated that he (**"I would be happy to attend and would testify truthfully"**) will testify truthfully (See Exhibit No. 2).

Petitioner has received two (2) letters one letter from Richard L. Rosenbaum and one letter from Barry G. Roderman stating that they will testify truthfully "if" this Court "Orders" them to do so.

(5)

Therefore, allowing the Government to argue or even attempt to hold on to the plea agreement is absurd. The information in the PSR Addendum requires that the Court correct the sentence to comply with the information in the PSR Addendum..

**In Sum**, Petitioner PSR Addendum reflects that the restitution "must" be reduced by at-least 19 Million Dollars and the term of imprisonment "must" be reduced by two (2) levels under the USSG in this case.

These facts are "clear". There is not one shred of evidence that will establish that the plea agreement is binding after the Court grants relief during the sentencing which is transcribed in-writing and disclosed in the PSR Addendum.

Respectfully Submitted:

_____
Jason Madow (Pro Se)
Reg. No. 26258-018
Estill Federal Prison Camp
P.O. Box 699
Estill, South Carolina 29918-0699

(6)

## CERTIFICATE OF SERVICE

I Jason E. Madow, hereby certify that a true and exact copy of this <u>Motion for Leave to Consolidate Petitioner's Motion To Amend/Supplement His 59(e) Motion For All Intents And Purposes Into His § 2255 Motion Throughout The Instant Litigation In Toto</u> was placed in the U.S. Mail to the parties listed below with proper postage affixed:

Karen L. Gable
Assistant United States Attorney
501 West Church Street
Suite 300
Orlando, Florida 32805

Sheryl Loesch
Clerk of Court
80 North Hughey Avenue
Orlando, Florida 32801

The Honorable Anne C. Conway
United States District Court
80 North Hughey Avenue
Orlando, Florida 32801

Respectfully Submitted:

Jason Madow (Petitioner)
Reg. No. 26258-081
Estill Federal Prison Camp
P.O. Box 699
Estill, South Carolina 29918-0699

# EXHIBIT #1

Jason E. Madow

DOCKET NO. 6:06-CR-22-ORL-22DAB

## ADDENDUM TO THE PRESENTENCE REPORT

The probation officer certifies the presentence report, including any revision thereof, has been disclosed to the defendant, his attorney, and counsel for the government, and that the content of the addendum has been communicated to counsel. The addendum fairly states any objections made by counsel that have not been resolved.

A position of parties meeting was not held. However, the objections were discussed with both counsel for the defendant and counsel for the government.

CONFIDENTIAL
PROPERTY OF U.S. COURTS
SUBMITTED FOR OFFICIAL USE OF
U.S. PAROLE COMMISSION AND
FEDERAL BUREAU OF PRISONS.
THE REPORT MAY BE DISCLOSED
TO THE INMATE.

### OBJECTIONS

### By the Government

**1. Paragraph 31. [USSG § 3B1.2(b)].** The government objects to no downward adjustment for the defendant's role in the offense. Pursuant to the Plea Agreement, the government recommended that the defendant receive a two-level reduction for his minor role in the criminal conduct. The government indicated that Madow attended two meetings with Mughar and representatives for LaSuite Hotel. During these meetings, Madow signed two documents that were false. The government indicated that Madow did nothing to facilitate the loans. He had no participation in the loan for Grand Resort and the Okeechobee Road properties.

> It is the position of the Probation Office that the role has been evaluated correctly based on the facts of the case as they were presented in the Plea Agreement and agent's reports. There were two participants charged in this offense, Mughar and Madow. Mughar received an enhancement for clearly being an organizer. Madow's role was less culpable than Mughar and this was taken into account by not enhancing his role. Further, Madow participated in obtaining several loans. He did facilitate Mughar in receiving the loans. Not only did Madow sign documents, knowing they were false, he also fielded telephone calls from lenders and vouched for Mughar's credit. This participation did facilitate the loans being granted to Mughar. Additionally, Madow used his name and company to obtain a loan for a hotel. Based on all of this information, the Probation Office believes that Madow was not a minor participant in the criminal activity, but a main player who assisted Mughar in several ways over a period of time to obtain fraudulent loans. Madow was also held accountable for the loss of only the loans that he participated in obtaining. Therefore, he has received a reduction for his conduct as it compares to Mughar. The defendant draws attention to the Plea Agreement to support his recommendation for a role reduction. The Probation Office also points out that in the Plea Agreement at Paragraph B(4), that the Court is not bound by the recommendations.

The defendant joins the government in this objection. The defendant objects on the basis that the Plea Agreement recommends the downward adjustment. The defendant stated that since the offense involved multi-millions of dollars and he received payment of $50,000 for his assistance, that this evidences that his role was minor.

May 10, 2006

RE: Madow, Jason E.                                         Addendum - Page 2

### By the Defendant

The defendant joins the government in the objection for a minor role reduction. In addition, the defendant also makes the following objection.

**1. Paragraphs 21 and 72. [USSG § 5E1.1].** The defendant objects to the amount of restitution involved in this offense. The defendant believes that since the victims have not responded to the Probation Office or the agents, then restitution should not be ordered. The defendant also stated that he does not have the ability to pay restitution and the Court would spend valuable time trying to determine a restitution amount that the defendant had no means to pay.

The Probation Office has received information from one of the victims. JP Morgan Chase foreclosed on four properties and provided a detailed accounting of their losses. The other victim, Old Standard Life Insurance has not responded to the Probation Office's letter. According to the FBI agent, the victims were not responsive to them. The total loss was used to determine the amount of restitution due to Old Standard. The Probation Office is aware that the hotel was foreclosed by Old Standard. However, the Probation Office has no information concerning any loss recuperated by Old Standard through the sale of the property. At this time, the Court may wish to schedule a Restitution Hearing in an attempt to determine the amount owing to Old Standard. Pursuant to 18 U.S.C. § 3664(d)(5), the Court shall set a date for the final determination of the victims' losses, not to exceed 90 days after sentencing.

The government agrees with the position of the Probation Office.

Should the Court concur with the government and the defendant as to the objection for a minor role, the total offense level would become 24. When coupled with a criminal history category of I, the guideline imprisonment range would be 51 to 60 months. The guideline fine range would be $10,000 to $100,000.

Should the Court concur with the defendant as to the above objection, then restitution would not be ordered to Old Standard Life Insurance. Since JP Morgan Chase did provide a thorough accounting of their losses, restitution should be ordered to them.

CERTIFIED BY:

*[signature]*

William R. Hutchinson
United States Probation Officer

Reviewed and Approved By:

*[signature]*

Paul H. Hennessy, Supervising
United States Probation Officer

May 10, 2006

CONFIDENTIAL
PROPERTY OF U.S. COURTS
SUBMITTED FOR OFFICIAL USE OF
U.S. PAROLE COMMISSION AND
FEDERAL BUREAU OF PRISONS.
THE REPORT MAY BE DISCLOSED
TO THE INMATE.



LAW OFFICES
## ARNSTEIN & LEHR LLP
200 East Las Olas Boulevard Suite 1700
Ft. Lauderdale, Florida 33301-2240
(954) 713-7600
Fax (954) 713-7700
www.arnstein.com
Founded 1893

Richard L. Rosenbaum
(954) 522-7007 (main)
(954) 713-7627 (direct)
rlrosenbaum@arnstein.com

CHICAGO, ILLINOIS
BOCA RATON, FLORIDA
MIAMI, FLORIDA
TAMPA, FLORIDA
WEST PALM BEACH, FLORIDA
HOFFMAN ESTATES, ILLINOIS
MILWAUKEE, WISCONSIN

Member of International
Lawyers Network

March 11, 2008

**LEGAL MAIL - ATTORNEY/CLIENT PRIVILEGE**
Jason Madow, Reg. # 26258-018
FCI ESTILL - Federal Correctional Institution
P.O. Box 699
Estill, SC 29918

    RE:    Legal Malpractice Case Against Barry Roderman

Dear Jason:

    I am in receipt of your correspondence dated March 3, 2008, as well as a copy of correspondence you sent to the Clerk of Court dated February 27, 2008. Both letters were received in my office on March 6, 2008.

    As you state in your correspondence, the "best option" would be to get your case on the court calendar and to get this matter in front of the Judge and resolve it in person. Of course, if you get an evidentiary hearing, I would be happy to attend and would testify truthfully.

    When your correspondence came in I took the liberty of running your current docket. As of March 7, 2008, it does not appear that the Government has responded to your Motion to Vacate Pursuant to Title 28, U.S.C. § 2255. However, AUSA Gable filed a Response in Opposition to your Motion to Modify Sentence. Hopefully, within the upcoming days Judge Conway shall either refer this matter to the magistrate or shall enter an Order requiring the Government to response to your Federal habeas corpus petition. After the Government responds, the Court will need to make a ruling with regards to conducting an evidentiary hearing. For now, I believe it is best to wait and see what transpires.

    Please continue to keep me posted of all developments concerning your case. As always, I wish you the best of luck.

                    Sincerely,

                    Richard L. Rosenbaum

RLR/sm

Pursuant to Internal Revenue Service guidance, be advised that any federal tax advice contained in this written or electronic communication, including any attachments or enclosures, is not intended or written to be used and it cannot be used by any person or entity for the purpose of (i) avoiding any tax penalties that may be imposed by the Internal Revenue Service or any other U.S. Federal taxing authority or agency or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

8046859_1